**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JACQUELINE CRUZ,**

                                **Plaintiff,**

    **vs.**                                                       **3:13-cv-723
                                                                           (MAD/TWD)**

**CAROLYN W. COLVIN,**
*Acting Commissioner of Social Security*,

                                **Defendant.**
_____

**APPEARANCES:**                                      **OF COUNSEL:**

**LACHMAN & GORTON**                     **PETER A. GORTON, ESQ.**
P.O. Box 89
1500 East Main Street
Endicott, New York 13761-0089
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **ELIZABETH D. ROTHSTEIN, ESQ.**
Office of General Counsel
26 Federal Plaza, Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

    Plaintiff Jacqueline Cruz brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c), seeking judicial review of the Commissioner of Social Security's ("Commissioner") decision to deny her application for disability insurance benefits and supplemental security income under the Social Security Act. Before the Court are the parties' cross-motions for judgment on the pleadings. *See* Dkt. Nos. 13, 14. This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks for a Report and Recommendation pursuant to 28 U.S.C. 636(b) and Local Rule 72.3(d), familiarity with which is assumed.

In the September 8, 2014 Report and Recommendation, Magistrate Judge Dancks found that: the Administrative Law Judge's ("ALJ") finding that Plaintiff's scoliosis, back pain, and migraines/headaches were not severe impairments was conducted under the correct legal standard and was supported by substantial evidence; the ALJ's residual functional capacity assessment was conducted under the correct legal standards and was supported by substantial evidence; the ALJ's rejection of Plaintiff's treating physicians' opinions was conducted under the correct legal standards and was supported by substantial evidence; the ALJ's assessment of Plaintiff's credibility was conducted under the correct legal standards and was supported by substantial evidence; and the ALJ did not err by not using a vocational expert to determine whether Plaintiff could perform other work in the national economy. *See* Dkt. No. 15. In objecting to the Report and Recommendation, Plaintiff has repeated the same arguments raised before Magistrate Judge Dancks in her motion for judgment on the pleadings. *See* Dkt. No. 16.

In reviewing a final decision by the Commissioner under 42 U.S.C. § 405, the Court does not determine *de novo* whether a plaintiff is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Court must examine the Administrative Transcript to ascertain whether the correct legal standards were applied, and whether the decision is supported by substantial evidence. *See Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *Schaal v. Apfel*, 134 F.3d 496, 500-01 (2d Cir. 1998). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations and quotations omitted).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's

independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health and Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court engages in a *de novo* review of any part of a Magistrate Judge's Report and Recommendation to which a party specifically objects. Failure to timely object to any portion of a Magistrate Judge's Report and Recommendation operates as a waiver of further judicial review of those matters. *See Roland v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993) (quoting *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)). "To the extent, . . . that [a] party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Watson v. Astrue*, No. 08 Civ. 1523, 2010 WL 1645060, *1 (S.D.N.Y. Apr. 22, 2010) (citing, *inter alia, Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (observing that "[r]eviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition") (citation and internal quotation marks omitted)). Furthermore, it is improper for an objecting party to attempt to relitigate the matter by "submitting papers to [the] district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge."

*Petty v. Colvin*, No. 12 Civ. 1644, 2014 WL 2465109, *1 (S.D.N.Y. June 2, 2014) (citing *Pu v. Charles H. Greenthal Mgmt. Corp.*, 08 Civ. 10084, 2010 WL 774335, *1 (S.D.N.Y. Mar. 9, 2010)).

In the present matter, Plaintiff has "submitt[ed] papers to [the] district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge." *Petty v. Colvin*, No. 12 Civ. 1644, 2014 WL 2465109, *1 (S.D.N.Y. June 2, 2014) (citing *Pu v. Charles H. Greenthal Mgmt. Corp.*, 08 Civ. 10084, 2010 WL 774335, *1 (S.D.N.Y. Mar. 9, 2010)). As such, the Court reviews Magistrate Judge Dancks' Report and Recommendation for clear error. *See Dahl v. Cmm'r of Soc. Sec.*, No. 12-cv-302, 2013 WL 5493677, *1 & n.4 (N.D.N.Y. Oct. 1, 2013).

Having carefully reviewed Magistrate Judge Dancks' thorough Report and Recommendation, the parties' submissions, and the applicable law, the Court finds no clear error. Magistrate Judge Dancks' Report and Recommendation contains a careful analysis of the Commissioner's determination to deny Plaintiff benefits and explains that the challenged determination was based on correct legal principles and is supported by substantial evidence in the record.

Accordingly the Court hereby

**ORDERS** that Magistrate Judge Dancks' September 8, 2014 Report and Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that the decision denying benefits is **AFFIRMED**; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 29, 2014
       Albany, New York

Mae A. D'Agostino
U.S. District Judge